IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

JORGE QUINONEZ, JR.,              §
      Petitioner,                 §
                                  §
VS.                               §   CIVIL ACTION NO.4:08-CV-417-Y
                                  §
NATHANIEL QUARTERMAN, Director,   §
T.D.C.J.,Correctional             §
Institutions Div.,                §
      Respondent.                 §

 ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AS TO
 GROUNDS FOR RELIEF ONE THROUGH FOUR, ADDRESSING AMENDED GROUND
 FOR RELIEF FIVE AND, ORDER DENYING CERTIFICATE OF APPEALABILITY

     In this action brought by petitioner Jorge Quinonez Jr. under 28 U.S.C. § 2254, Quinonez raised four grounds for relief that were addressed and considered in the Respondent's original answer and addressed in the magistrate judge's findings, conclusions, and recommendation: (1) he was denied effective assistance of counsel when trial counsel failed to file a motion for continuance to secure the attendance at trial of witness Byerly Preston; (2) no forensic evidence was secured at the crime scene; (3) the evidence was legally insufficient to support the jury's verdict; and (4) the state habeas court failed to appoint him counsel and conduct an evidentiary hearing. The magistrate judge also granted leave to allow Quinonez to file an amended ground for relief: (5) his Sixth and Fourteenth Amendment rights were violated when he was not allowed to confront and cross-examine Preston Byerly about his written statement. Because this additional ground was not addressed in the magistrate judge's report, the Court ordered the respondent to provide a supplemental answer, which was filed on August 12,

2009. After the Court granted an extension, Quinonez filed a reply and traverse on October 19, 2009.

With regard to Quinonez's grounds for relief one through four, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 20, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 10, 2009.

The Court, after **de novo** review, concludes that the Petitioner's remaining objections must be overruled,[1] and that the petition for writ of habeas corpus, grounds for relief one through four, must be denied, for the reasons stated in the magistrate judge's findings and conclusions.

With regard to Quinonez's additional ground for relief five, the Court concludes that such claim must be dismissed with prejudice as unexhausted and procedurally barred from review for the reasons stated in the respondent's supplemental answer at pages 2-6. Alternatively, the Court concludes that such ground for relief must be denied, for the reasons stated in the respondent's supplemental answer at pages 6-7.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

All grounds for relief in petitioner Jorge Quinonez Jr.'s

---

[1] The Court previously sustained objection number 2 only to allow additional briefing on the additional ground for relief five now addressed *infra.*

2

petition under § 2254, as amended, are DENIED, and alternatively, ground for relief five is DISMISSED WITH PREJUDICE as procedurally barred from this Court's review.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Quinonez has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the May

---

[2] *See* Fed. R. App. P. 22(b).

[3] Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

20, 2009, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated herein.[6]

Therefore, a certificate of appealability should not issue.

SIGNED March 5, 2010.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).